# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

JEFF MUIR, individually,
and on behalf of all other similarly situated
individuals,

v.

BEAL PROPERTIES, LLC, a Michigan
Limited Liability Company, and Stewart Beal,
an individual.

Case No.
Hon.
Hon.

-----------------------------------------------------------------------------------------------/

GUY T. CONTI P68889
ContiLegal
Attorney for Plaintiffs
28475 Greenfield Rd., Ste 113 #7372
Southfield, MI 48076
888-489-3232
gconti@contilegal.com

-----------------------------------------------------------------------------------------------/

## COMPLAINT FOR DAMAGES UNDER THE UNITED STATES FAIR LABOR STANDARDS ACT

Plaintiff Jeff Muir, individually and on behalf of all similarly situated individual employees of Defendants, for his Complaint, avers:

1. Plaintiff is an individual person residing in Washtenaw County, State of Michigan.

2. Defendant Beal Properties, LLC is a Michigan Limited Liability Company headquartered in Ypsilanti, MI, County of Washtenaw, State of Michigan.

3. Defendant Stewart Beal is an individual person who is an officer of, or

1

otherwise employed by, Beal Properties, LLC and who resides in the State of Michigan.

4. Defendant Beal Properties, LLC is a company doing business in, at minimum, Michigan and Ohio, that invests in, and manages, real estate.

5. Defendant Beal Properties, LLC engages in commerce among Michigan and Ohio.

6. Mr. Muir was, from approximately, May 1, 2021 through April 30, 2023, an employee of Defendant Beal Properties LLC and Stewart Beal.

7. At all relevant times, Defendant Stewart Beal acted directly or indirectly in the interest of Beal Properties, LLC in relation to the Plaintiff's employment with Beal Properties, LLC.

8. Mr. Muir was hired as an Director of Acquisitions & Investor Relations. His duties are described in the offer letter of 10/27/2022 attached as Exhibit 1.

9. Mr. Muir initially had a previous offer letter to the one mentioned in paragraph #8 which Mr. Muir is not in possession of.

10. Plaintiff conducted substantially all of his duties on properties owned or managed by Beal Properties, LLC.

11. Mr. Muir's duties did not include any of the following:

    a. managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise;

    b. customarily and regularly direct the work of at least two or more other full-time employees or their equivalent;

    c. had the authority to hire or fire other employees, or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees must be given particular weight.

12. At no time did Plaintiff's primary duties include the exercise of discretion and independent judgment with respect to matters of significance for Beal Properties, LLC.

13. None of Plaintiff's primary duties constituted employment in an outside sales capacity.

14. Plaintiff's duties did not include performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

15. Plaintiff's duties did not include making sales, or obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; where the employee must be customarily and regularly engaged away from the employer's place or places of business.

16. Mr. Muir was hired at a salary of $50,000 per year and was scheduled to work 45 hours per week.

17. Mr. Muir's salary, on a weekly basis, was $961.54 per week.

18. This case presents a federal question under 28 U.S.C. §1331 because the Plaintiffs seek relief under the Fair Labor Standard Act, 29 U.S.C. §201 *et seq.*

19. Venue is proper in this Court because Defendant Beal Properties LLC's registered business address is located within the Eastern District of Michigan.

20. During the course of his employment with Defendants, Mr. Muir worked, in certain weeks, in excess of 40 hours and was not paid the statutory overtime rate for his time in excess of 40 hours in a week.

21. Defendants have willfully denied Plaintiff his earned overtime pay.

22. With respect to the collective action claims under the FLSA, the collective action class is defined as (a) all current and former staff who worked for Defendants at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's facilities, properties or offices and who were not employed in an executive, administrative, computer, outside sales or learned professional capacity. Plaintiffs reserve the right to amend said class definition consistent with information obtained through discovery.

**RELIEF REQUESTED**

Plaintiff requests judgment in his favor in the amount to be determined by this Court, including liquidated damages, based upon the admitted evidence and

also requests payment of reasonable attorney fees and costs, designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), as well as any other relief available to him at law or in equity.

## JURY DEMAND

Plaintiff demands trial by jury.

April 7, 2024                                                /s/Guy T. Conti
                                                             --------------------------
                                                             Guy T. Conti P68889
                                                             ContiLegal
                                                             Attorney for Plaintiffs
                                                             28475 Greenfield Rd. Ste. 113 #7372
                                                             Southfield, MI 48076
                                                             888.489.3232
                                                             gconti@contilegal.com



10/27/2022

**Proposal to Hire:** Jeff Muir

**Position:** Beal Properties, LLC – Director of Business Development & Client Relations

**Position Description:** The basic duties of the position are to a) communicate with high net-worth individuals and real estate investors and convert them to property management clients for Beal Properties b) issue property management contracts, onboard properties, communicate with clients c) produce marketing materials and strategies that attract new property management clients d) perform audits and analyses of business development and client relations activities.

**Start Date:** November 1, 2022

Base Salary: $50,000 annually through December 31, 2022 then $62,500 annually from January 1, 2023 through June 30, 2023 then $75,000 annually from July 1, 2023 forward.

**Bonus Structure:**   Buildings with 1 to 5 units $100
Buildings with 6 to 15 units $200
Buildings with 16 to 30 units $300
Buildings with 31 to 100 units $400
Buildings with more than 101 units $500

**Vacation Time:** 10 paid days per year, accumulating 5/6 day per month which is lost if not taken in the year it was earned.

**Sick Time:** 10 paid days per year, accumulating 5/6 day per month, which can all be carried over for future use indefinitely.

**Benefits:**   Current 401k plan enrollment continues as-is with a match of up to 3%
Health care reimbursement of up to $500/mo
Cell phone and vehicle gas/mileage and transportation reimbursement

**Hours of Work:** Minimum Monday – Friday 8 a.m. to 5:30 p.m. plus some other calls/meetings weekday evenings and Saturdays, as needed.

_____     _____  10/27/2022
Stewart W. Beal, President               Jeff Muir
Beal properties, LLC                         Director of Business Development & Client Relations